FILED

NOT FOR PUBLICATION

NOV 01 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RICARDO RAMIREZ-GUTIERREZ, | No. 07-72291 |
| Petitioner, | Agency No. A078-467-244 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 25, 2011[**]

Before:     TROTT, GOULD, and RAWLINSON, Circuit Judges.

Ricardo Ramirez-Gutierrez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for a waiver under

Section 212(h) of the Immigration and Nationality Act.  Our jurisdiction is

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Ramirez-Gutierrez's contention that he began lawfully residing continually in the United States when he took steps to establish substantial ties in the United States is unpersuasive. *See* 8 U.S.C. § 1182(h) (an alien previously admitted for lawful permanent residence is ineligible for a 212(h) waiver if the alien has not "lawfully resided continuously in the United States for a period of not less than 7 years immediately preceding the date of initiation of proceedings to remove the alien from the United States").

We lack jurisdiction over Ramirez-Gutierrez's contention that he began accruing lawful continuous residence when he filed his I-130 petition because he did not raise the claim before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Ramirez-Gutierrez's equal protection argument is unavailing. *Taniguchi v. Schultz*, 303 F.3d 950, 957 (9th Cir. 2002) ("[A] statute that limits the relief available to a certain class of aliens will be 'valid unless wholly irrational.'").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

07-72291